IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Danee Oliva, | |
| Plaintiff(s), | |
| v. | No. 21-cv-06001 |
| | Judge John F. Kness |
| City of Chicago, *et al.*, | |
| Defendant(s). | |

**ORDER**

On 3/24/23, the Court issued a Memorandum Opinion and Order [36] granting Defendants' motion to dismiss but affording Plaintiff leave to file an amended complaint. Plaintiff did not file an amended complaint by the deadline. The Court subsequently entered judgment [38] against Plaintiff on 4/17/2023, dismissing with prejudice Counts I through IV for failure to state a claim and dismissing without prejudice and relinquishing jurisdiction over the state law claims in Counts V through VIII. Now before the Court is Plaintiff's Motion to Alter the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure [39]. A motion under Rule 59(e) is "really a motion to reconsider; such motions serve to correct manifest errors of law or fact . . . ." *Southwest Suburban Bd. of Realtors v. Beverly Area Planning Ass'n.*, 1986 WL 13720, at *2 (N.D. Ill. Nov. 27, 1986) (citing *Publishers Resource v. Walker & Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985)). Plaintiff contends that the Court's Opinion, which dismisses Plaintiff's Fourth Amendment claim as untimely, is erroneous under the Supreme Court's recent decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022) (holding that a Fourth Amendment claim for malicious prosecution accrues when the prosecution ends without a conviction). And because the Fourth Amendment claim is timely, Plaintiff further contends that the remaining federal claims, which are derivative in nature, along with the state claims, were dismissed in error. Plaintiff thus requests that the Court enter an order altering the judgment to find a Fourth Amendment malicious prosecution accrual date in line with *Thompson* and denying dismissal of Plaintiff's remaining claims. Defendants do not object to Plaintiff's Rule 59(e) motion; instead, they request that the Court strike the briefing schedule on Plaintiff's Rule 59(e) motion and set a briefing schedule for Defendants' anticipated second motion to dismiss, which will re-raise arguments that the Court did not address in its first Opinion and advance additional arguments in the light of *Thompson*. Plaintiff agrees with this course of action. Because Plaintiff can possibly state a viable (and timely) federal claim, and because Plaintiff's remaining derivative federal claims and state claims may similarly be viable, Plaintiff's Rule 59(e) motion is granted. The final judgment order [38] and the

3/24/2023 Opinion [36] are vacated, and the case is reinstated. The Court sets the following briefing schedule on Defendants' anticipated second motion to dismiss: Defendants must file their second motion to dismiss on or before 7/10/2023, Plaintiff must file his response on or before 8/9/2023, and Defendants must file their reply on or before 8/30/2023.

SO ORDERED.

Date: June 26, 2023

JOHN F. KNESS
United States District Judge